UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                              Case No. 09-18087-RAM

LUCKY CHASE II, LLC.
                                                    Chapter 11 Case
        Debtor.
_____/

## RESPONSE AND OBJECTION TO EMERGENCY MOTION TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION FILED BY DEBTOR, LUCKY CHASE II, LLC [C.P. #9]

Comes now, AMTRUST BANK ("AmTrust"), by and through undersigned counsel hereby files its Response and Objection To Emergency Motion To Use Cash Collateral And Granting Adequate Protection Filed By Debtor, Lucky Chase II, LLC and in support thereof states as follows:

1.  LUCKY CHASE II, LLC (the "Developer"), a Florida Limited Liability Company, executed and delivered to Ohio Savings Bank a Promissory Note dated August 10, 2006, in the stated principal amount of Forty-Four Million Four Hundred Thousand Dollars and 00/100 ($44,400,000) (the "Note"). A true and correct copy of the Note is attached to the "List of Exhibits" filed simultaneously herewith as Exhibit "A" and incorporated herein by reference.

2.  Ohio Savings Bank is the predecessor in interest to AmTrust Bank. Ohio Savings Bank later became AmTrust Bank (Both entities are collectively referred to herein as the "Lender").

3.  To secure payment and performance of the Note, Developer, who was in possession of the subject property, also executed and delivered to the Lender a certain Renewal Mortgage and Security Agreement dated August 10, 2006 (the "Mortgage"). A true and correct copy of said mortgage, together with all amendments thereto, if any exist, is attached to the "List

RM:6389340:1

of Exhibits" filed simultaneously herewith as Composite Exhibit "B" and incorporated herein by reference.

4. The Mortgage was recorded on August 14, 2006, in the Official Records of Miami-Dade County, Florida at Official Records Book 24819, Page 2804 and mortgaged the property described in the document attached to the "List of Exhibits" filed simultaneously herewith as Exhibit "C."

5. To further secure payment of the Note, the Developer executed (1) an Assignment of Rents and Leases and Agreements Affecting Real Estate dated August 10, 2006 and (2) a Collateral Assignment of Sales Contracts dated August 10, 2006 (the "Assignments"). True and correct copies of the Assignments are attached to the "List of Exhibits" filed simultaneously herewith as Exhibits "D" and "E," respectively, and incorporated herein by reference.

6. At the time of the execution of the Note and Mortgage, Defendants Scott Deaktor, Marsha Deaktor and Marcia Deaktor executed an Unconditional and Continuing Guaranty and Indemnity Agreement (the "Guaranty") dated August 10, 2006. A true and correct copy of the Guaranty is attached to the "List of Exhibits" filed simultaneously herewith as Exhibit "F" and incorporated herein by reference. Defendants Scott Deaktor, Marsha Deaktor and Marcia Deaktor shall be collectively referred to herein as "Guarantors."

7. Developer and Guarantors have defaulted under the Note and Mortgage by, among other things, failing to pay the installment payments, principal, together with all interest, fees and costs when said indebtedness came due on August 9, 2008.

8. Based upon the existing events of default and in accordance with the provisions of the Note and Mortgage, the entire indebtedness thereunder is now due and payable to the Lender.

9.      The Lender directed correspondence to the Developer and the Guarantors informing them, *inter alia*, of the default; that the indebtedness had been accelerated; and demanding payment of all sums due under the Note and Mortgage but, despite said demands, the Developer and Guarantors have failed to pay the amounts presently due the Lender under said loan documents. The Lender has also directed correspondence to the Developer and Guarantors pursuant to Florida Statute § 697.07. A true and correct copy of said correspondence is attached to the "List of Exhibits" filed simultaneously herewith as Exhibit "G" and "H," respectively, and incorporated herein by reference.

10.     The Lender presently owns and holds the Note, Mortgages, Assignments, and Guaranty together with all other related loan documents and any amendments thereto.

11.     The Developer and Guarantors owe the Lender $28,209,824.64 that is due as outstanding principal on the Note, together with accrued interest thereon at the rate(s) specified in the Note.

12.     As of September 25, 2008, the Developer and Guarantors owe the Lender accrued and unpaid interest in the amount of $637,291.64, which continues to accrue at the default rate of the greater of (i) 6% above the Prime rate as in effect on the last day of the immediately preceding calendar month or (ii) 13% per annum, and a per diem in the amount of $10,186.88. The default rate is adjusted monthly.

13.     As of September 1, 2008, the Developer and Guarantors owe the Lender $9,862.06 in late charges which continues to accrue.

14.     Lender has also incurred $9,400 in appraisal fees for the property which is still outstanding from the Developer and the Guarantors.

15.     On November 10, 2008 Amtrust filed its four count Amended Foreclosure Complaint seeking [Count I} foreclosure of real estate, [Count II] suit on promissory note, [Count III} appointment of receiver and [Count IV] action on guaranty agreement.

16.     The case was assigned to the Honorable Judge Pedro Echarte; Judge Echarte has already addressed numerous issues and spent considerable judicial effort.

17.     In fact, Judge Echarte has made **very clear**, during previous hearings, in which he dismissed alleged counterclaims and affirmative defenses that said counterclaims and affirmative defenses lack merit. A copy of the transcript for the hearing conducted on March 17, 2009 is attached to the "List of Exhibits" filed simultaneously herewith as Exhibit "I".

18.     Additionally, a hearing was scheduled for May 14, 2009 to consider Amtrust's Motion to appoint a receiver.

19.     A hearing was also scheduled for April 30, 2009 to consider the Debtor's failure to turn over rents, issues and profits in accordance with Florida Statutes §697.07 (F.S. 2001) and the Demand Letters set forth attached to the "List of Exhibits" filed simultaneously herewith as Exhibits "G" and "H".

20.     On April 29, 2009 the Debtor filed its Petition seeking relief under Chapter 11 of the Bankruptcy Code, simultaneously therewith it filed Emergency Motion To Use Cash Collateral and Granting Adequate Protection.

21.     Filed simultaneously herewith is AmTrust's Motion To Prohibit Use of Cash Collateral.

22.     This Response And Objection is only to the Emergency Motion To Use Cash Collateral And Granting Adequate Protection Filed By Debtor, Lucky Chase II, LLC. in which

the Debtor seeks to use AmTrust's cash collateral on an emergency basis for the next fifteen (15) days.

23. Therefore, reference is made to Exhibit "J" attached to the "List of Exhibits" filed simultaneously herewith and incorporated herein by reference.

24. Exhibit "J" has an Analysis of the items that the Debtor proposes to pay from AmTrust's cash collateral on an emergency basis and AmTrust's comments in connection therewith.

Wherefore, Amtrust respectfully files its Response and Objection To Emergency Motion To Use Cash Collateral And Granting Adequate Protection Filed By Debtor, Lucky Chase II, LLC.

`WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic transmission on all CM/ECF registered users this 4th day of May 2009.

> WE HEREBY CERTIFY that we are admitted to the Bar of the United States District Court for the Southern District of Florida and we are in compliance with the additional qualifications to practice in this Court set forth in Local Rules 2090-1(A).
>
> **RUDEN MCCLOSKY**
> Attorneys for AmTrust Bank
> 701 Brickell Avenue, Suite 1900
> Miami, Florida 33131-2336
> Telephone: (305) 789-2733
> Facsimile: (305) 537-3933
>
> By_____
> Lawrence A. Gordich
> Fla. Bar No. 378097
> Melissa Alagna
> Fla. Bar No. 40555

RM:6389340:1

- 5 -