

**ORDERED in the Southern District of Florida on September 14, 2010.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                              Chapter  11

LUCKY CHASE II, LLC,                    Case No. 09-18087-BKC-RAM

      Debtor.

_____/

**ORDER (1) AUTHORIZING TRUSTEE TO SCHEDULE AUCTION SALE OF
DEBTOR'S PROPERTY, (2) APPROVING BIDDING PROCEDURES IN
CONNECTION WITH AUCTION SALE, (3) APPROVING FORM AND MANNER OF
NOTICE OF SALE AND (4) SCHEDULING A FINAL HEARING TO APPROVE SALE**

THIS MATTER came before the Court on September 8, 2010 upon the motion (the

"Motion")[1] of Kenneth A. Welt, as Chapter 11 Trustee (the "Trustee") for Lucky Chase II, LLC

(the "Debtor"), seeking an Order (1) authorizing the Trustee to schedule an auction sale of the

Debtor's property, (2) approving bidding procedures in connection with auction sale, (3)

approving form and manner of notice of sale, (4) scheduling a final hearing to approve sale, and

(5) approving the sale of the Trustee's interest in the Debtor's real property, free and clear of

---

[1] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion and all Exhibits
thereto.

liens, claims and encumbrances2 (the "Motion") [D.E. # 349].  The Court, having determined at

the hearing held on September 8, 2010 (the "Hearing") that the relief requested in the Motion is

in the best interests of the Debtor, its estate, its creditors and all other parties-in-interest, it is

hereby

FOUND AND DETERMINED THAT:[3]

A.      This Court has jurisdiction over this matter and over the property of the Debtor

pursuant to 28 U.S.C. §§ 157(a) and 1334, and venue is proper in this district pursuant to 28

U.S.C. § 1408;

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b);

C.      Good and sufficient notice of the relief sought in the Motion has been given in

accordance with Bankruptcy Rule 2002, and no other or further notice is or shall be required.  A

reasonable opportunity to object or be heard regarding the relief requested in the Motion has

been afforded to all parties-in-interest;

D.      The Bidding Procedures and proposed Sale Notice are appropriate and reasonably

calculated to provide all interested parties with timely and proper notice thereof;

E.      The Bidding Procedures set forth herein are fair, reasonable, and appropriate and

are designed to maximize the recovery on the Debtor's assets;

J.      The Trustee's proposed marketing efforts and bidding process as described in the

Motion and at the Hearing is fair and reasonable, and designed to fully expose the Debtor's

assets to the market.

---

2 As set forth herein, if the FDIC is the Successful Bidder, the sale will be subject to the lien of the Miami-Dade
County Tax Collector.
3 Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of
fact, as applicable, in accordance with Bankruptcy Rule 7052.

K.      The entry of this Order is in the best interests of the Debtor, its estate, creditors, and all other parties-in-interest.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

## General Provisions

1.      The findings and conclusions set forth above constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

2.      The relief requested in the Motion is granted as modified herein.

## Bidding Procedures

3.      The "Bidding Procedures" as such term is used in this Order are as follows:

a.      Participation Requirements/Bid Deadline:  Unless otherwise ordered by the Court, in order to participate in the bidding process, an interested bidder must (i) wire into the trust account of Genovese Joblove & Battista, P.A., an escrow deposit of $500,000 no later than **October 29, 2010** at 5:00 EDT, which is two (2) business days prior to the scheduled auction (the "**Bid Deadline**") and (ii) submit to Genovese Joblove & Battista, P.A. a fully executed asset purchase agreement substantially in the form attached to the Sale Notice as **Exhibit "B"** and which shall include a purchase price of at least $9,000,000.00 (the "**Purchase Agreement**") no later than the Bid Deadline (the effectiveness of such Purchase Agreement being contingent only upon the Qualified Bidder becoming the Successful Bidder pursuant to these procedures, subject only to Bankruptcy Court Approval, with no due diligence or financing contingencies).  A person who timely complies with these requirements shall be a "**Qualified Bidder**".

The FDIC shall be deemed a Qualified Bidder by virtue of the FDIC Bid.

b.      Auction Date and Location:  Provided that a Qualified Bid is submitted by the Bid Deadline, the Trustee, through Fisher Auction Co., Inc., the Trustee's court approved auctioneer (the "**Auctioneer**"), will conduct an auction (the "**Auction**").  The Auction shall take place in the card room at the Property, which is located at 13841 S.W. 90th Avenue, Miami, Florida, 33176-6903, on **November 2, 2010**, which is the date that is one business day prior to the requested hearing date on the proposed sale, beginning at 10:00 a.m. or such other time or place as the Trustee shall notify all Qualified Bidders.

c. <u>Auction Procedures</u>:  At the Auction, the opening bid will be the FDIC Bid.  All Qualified Bidders shall be entitled to make any subsequent bids, provided however, that the initial overbid shall be at least $9,000,000.00. All subsequent bids shall be in increments of $100,000.  Bidding at the Auction shall continue until such time as the highest and best offer is determined, which shall be determined by the Trustee in the exercise of his business judgment.   The FDIC shall have the right, but not the obligation, to credit bid its lien pursuant to these procedures.  The Trustee reserves the right to modify the bidding increments or announce at the Auction additional procedural rules for conducting the Auction in the exercise of his business judgment.

d. <u>Successful Bid/Sale Hearing</u>:   After the conclusion of the Auction, the Trustee shall submit the highest or best bid (the "**Successful Bid**") for approval by the Bankruptcy Court on **November 3, 2010** at 10:00 a.m. at 51 S.W. 1st Ave., Room 1406, Miami, FL 33130 (the "**Sale Hearing**"). The Qualified Bidder who has the Successful Bid presented for approval to the Court shall be referred to herein as the "**Successful Bidder**." Closing shall take place within twenty (20) days of entry of the Sale Order or 6 days after the Sale Order becomes final and non-appealable, whichever is later.  The Successful Bidder, if not the FDIC, must be prepared and must in fact consummate the purchase of the Property in accordance with the Purchase Agreement.   Upon the failure of the Successful Bidder to consummate the closing of the purchase of the Property because of a breach or failure on the part of the Successful Bidder, then the Trustee may elect in his business judgment the next highest or otherwise best Qualified Bidder to be the Successful Bidder (the "**Back Up Bidder**").  At the Sale Hearing, the Trustee intends to seek approval from the Court for the next highest or best bid (the "**Back Up Bid**"), which approval shall authorize the Trustee to consummate the Back Up Bid immediately after a default under the Successful Bid without further order of the Court.  Promptly following the conclusion of the Sale Hearing, the Trustee shall return the deposits to each unsuccessful Qualified Bidder (except the Back Up Bidder whose deposit shall either be returned upon the closing of the sale to the Successful Bidder or applied to the purchase price in a closing with such Back Up Bidder).  The ultimate purchaser, upon closing, whether the Successful Bidder or the Back Up Bidder, shall be referred to herein as the "Purchaser".

e. <u>As Is Where Is:</u>  The Property will be sold in its "As Is", "Where Is" condition and with all faults, with no guarantees or warranties express or implied.

f. <u>Executory Contracts and Unexpired Leases</u>: No later than one (1) business day prior to the Auction Sale, each Qualified Bidder other than the FDIC shall designate for the Trustee those executory contracts and unexpired leases which are to be assumed by the Trustee and assigned to

the Successful Bidder (each a "Designated Contract"). Subsequent to the Sale Hearing, the Trustee may file a separate motion seeking the Court's approval of the assumption and assignment of the Designated Contracts to the Successful Bidder.

g. <u>Real Estate Commissions and Surcharge</u>:  The Auctioneer shall be entitled to a commission as outlined in the FDIC Bid.  The Trustee shall not be responsible for any other real estate commissions.  The Purchaser shall indemnify and hold the estate harmless for any other claimed real estate commissions.

h. <u>Objections</u>:  Objections,  if any, to the Sale, must (a) be in writing; (b) set forth the nature of the objector's claims against or interest in the Debtor's estate, and the basis for the objection and the specific grounds therefore; (c) comply with the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of Florida and all Orders of this Court; (d) be filed with the Court and served upon counsel to the Trustee, the United States Trustee for the Southern District of Florida and counsel to the FDIC, so as to be RECEIVED no later than 5:00 pm (Eastern) two (2) businesses days prior to the Sale Hearing (the "<u>Objection Deadline</u>").  Only timely filed and served responses, objections, or other pleadings will be considered by this Court at the Sale Hearing.  The failure of any person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale or the consummation and performance of the Agreement.

4.       The Bidding Procedures are hereby approved.  The Trustee is authorized to act in accordance with the Bidding Procedures, which shall be binding upon all parties-in-interest in these cases.

5.       The Auction shall be held on November 2, 2010, commencing at 10:00 a.m. Eastern Time in the clubhouse at the Property, which is located at 13841 SW 90th Avenue, Miami, Florida, 33176-6903.

## Sale Hearing

6.       The Sale Hearing shall be held before this Court on November 3, 2010 at 10:00 a.m. (Eastern Time), United States Bankruptcy Court, 51 S.W. 1st Ave., Room 1406, Miami, FL 33130.  The Sale Hearing may be adjourned or rescheduled without notice other than by an

announcement of such adjournment at the Sale Hearing.  The Sale Hearing shall be an evidentiary hearing on all matters relating to the proposed sale.

## Objections

7.    Objections,  if any, to the Sale, must (a) be in writing; (b) set forth the nature of the objector's claims against or interest in the Debtor's estates, and the basis for the objection and the specific grounds therefore; (c) comply with the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of Florida and all Orders of this Court; (d) be filed with the Court and served upon the Trustee, the Successful Bidder, the United States Trustee for the Southern District of Florida and counsel to the Debtor, so as to be RECEIVED no later than 5:00 pm (Eastern) two (2) business days prior to the Sale Hearing (the "Objection Deadline"). Only timely filed and served responses, objections, or other pleadings will be considered by this Court at the Sale Hearing.  The failure of any person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale or the consummation and performance of the Agreement.

## Notice

8.    The Sale Notice is hereby approved in all respects.

**9.**    Notice of the Bidding Procedures, the Auction, the Sale Hearing and the remainder of the relief requested in the Motion, as described in the Motion, shall be good and sufficient notice thereof, and any requirements for other or further notice shall be waived and dispensed with pursuant to Bankruptcy Rules 2002, 6004, 6006 and 9007 and pursuant to this Court's powers under section 105 of the Bankruptcy Code.

## Approval of Stalking Horse Bid

10.    The terms of the "FDIC Bid" are approved in all respects as follows:

a.  the FDIC shall be the stalking horse bidder with an irrevocable credit bid, pursuant to Section 363(k) of the Bankruptcy Code, in the amount of $8,762,867.23;

b.  if the FDIC is the Successful Bidder, the Auctioneer will receive a fee of 4% of the ultimate sale price, to be paid by the FDIC within 4 business days following the Sale Hearing, with 1% of the ultimate sale price to be allocated by the Auctioneer for the benefit of the Debtor's general unsecured creditors;

c.  if a bidder other than the FDIC is the Successful Bidder, the Auctioneer will receive a fee of 5% of the ultimate sale price, to be paid out of the sales proceeds, with 1% of the ultimate sale price to be allocated by the Auctioneer for the benefit of the Debtor's general unsecured creditors;

d.  if the FDIC is the Successful Bidder, the sale shall be free and clear of all liens except for the lien of the Miami-Dade Tax Collector;

e.  if a bidder other than the FDIC is the Successful Bidder, the sale shall be free and clear of all liens, with all liens including those of the Miami-Dade Tax Collector to be satisfied from the sale proceeds in the order of priority of such liens;

f.  the FDIC shall advance up to $68,000 in marketing and advertising costs (the "Marketing Advance") to the Trustee's Auctioneer, with all such advances being added to the FDIC's allowed secured claim.  In the event that a bidder other than the FDIC is the Successful Bidder, the Marketing Advance shall be repaid from the sale proceeds;

g.  the initial overbid shall be at least $9,000,000 and all subsequent bids shall be in increments of $100,000;

h.  If the FDIC is the Successful Bidder, within two (2) business days of the final hearing to approve the sale of the Property to the highest and best bidder, the FDIC shall notify the Trustee of any executory contracts and/or unexpired leases it wishes to have assumed and assigned, and will file a notice of filing of same.  Further, if it is the Successful Bidder, the FDIC shall be responsible for curing any defaults or providing adequate assurance of prompt cure of any defaults under such assumed contracts; and

**i.**  pursuant to the FDIC Stipulation [D.E. # 311], all allowed fees, costs and statutory commissions of the Trustee and his professionals, including any contingency fee awarded to Mitchell Feldman and FBS Property Tax Abatement Group (the "Professional Fees") shall be paid as follows:  (i) if the FDIC is not the Successful Bidder, then the Professional Fees shall be paid from the sale proceeds, and (ii) if the FDIC is the Successful Bidder, then the FDIC will pay such Professional Fees by way of surcharge or otherwise within the later of 10 business days of closing or an Order allowing such Professional Fees.

## **Miscellaneous**

11.    The Trustee is hereby authorized and empowered to take such steps, expend such sums of money and do such other things as may be necessary to implement and effect the terms and requirements established by this Bidding Procedures Order.

12.     Notwithstanding Bankruptcy Rules 6004 and 6006, this Bidding Procedures Order

shall be effective and enforceable immediately upon its entry.

### 

Submitted by:

Michael L. Schuster, Esq.
Genovese Joblove & Battista, P.A.
Counsel to Chapter 11 Trustee
100 Southeast Second Street, Suite 4400
Miami, FL 33131
Telephone:  (305) 349-2300
Facsimile:    (305) 349-2310
mschuster@gjb-law.com


Copy to: Michael L. Schuster, Esq.
(Attorney Schuster is directed to serve a conformed copy of this Order on all parties in interest)